IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

SEP 1 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| THEODORE LEE STEWART § | |
| TDCJ #499533, § | |
| Plaintiff-Petitioner, § | |
| § | |
| VS. § | MISCELLANEOUS NO. B-99-029 |
| § | |
| WACKENHUT CORRECTIONAL § | |
| CORPORATION, J. MENDOZA, § | |
| WARDEN FORREST, STATE JAIL § | |
| SUPERVISOR, CITY OF § | |
| RAYMONDVILLE, § | |
| Defendants-Respondents. § | |

### FINAL ORDER

Theodore Lee Stewart ("Stewart"), a prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights complaint (Docket No. 1) under 42 U.S.C. § 1983. For the reasons explained below, Stewart's complaint is dismissed.

#### DISCUSSION

Under 28 U.S.C.A. § 1915A, the court is required to review a prisoner's civil action against a governmental entity or officer or employee of a governmental entity. Subsection (b) allows for dismissal of the action if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" embraces not only inarguable legal conclusions, but also fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

Stewart's claim is frivolous as it lacks an arguable basis in law and in fact. In his Statement of Claim, Stewart contends that the Texas Department of Criminal Justice Institutional Division, the Board of Pardons and Paroles, the Texas Board of Criminal Justice, and the Willacy County Community Justice Committee conspired against him on June 20, 1999, to deprive him of access to the courts, due process of the law and equal protection under the law. As a result of these actions, Stewart alleges that he suffered a stoke causing some paralysis on his left side.

## CONCLUSION

Upon review of the complaint, Stewart failed to make out a cognizable constitutional claim, when he made conclusory legal statements coupled with insufficient facts. There are no specific details concerning the events of the alleged conspiracy that led to the violation of his rights, nor a discussion of the individual defendants' actions in connection therewith. IT IS **ORDERED** that prisoner Theodore Lee Stewart's civil rights complaint under 42 U.S.C. § 1983 be **DISMISSED**.

DONE at Brownsville, Texas, this 12th day of September, 2002.

Filemon B. Vela
United States District Judge